THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD CRUZ, Defendant-Appellant.

First District (3rd Division)   No. 1—89—1652

Opinion filed December 31, 1991.

David C. Thomas, of Chicago, for appellant.

John M. O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Kathleen F. Howlett, and Lisa Goldsand, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Defendant Edward Cruz was convicted of aggravated criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, par. 12—16) in a bench trial and sentenced to 60 days' imprisonment and three years' conditional

discharge. On appeal, defendant contends that (1) the trial court committed reversible error when it elicited hearsay testimony which it had previously ruled was inadmissible; (2) he was denied a fair trial because the trial court abandoned its impartial role and assumed the role of prosecutor; and (3) the State failed to prove him guilty beyond a reasonable doubt. We affirm.

Defendant was living with his cousin, Giovanni Hernandez, and his family in a four-bedroom house in Roselle, Illinois. Hernandez's stepdaughter G.S., who was seven years old at the time of the occurrences, testified that defendant touched and placed his mouth on her vagina on several occasions commencing in October 1987 and continuing through the Christmas season. Defendant denies the allegations. The trial court found defendant guilty of one count of aggravated criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, par. 12—16) and sentenced him to 60 days' imprisonment and three years' conditional discharge, conditioned upon defendant obtaining psychological testing and treatment. This appeal followed.

Defendant contends that the trial court committed reversible error when it elicited hearsay testimony which it had previously ruled was inadmissible. Defendant argues that the trial court violated its own ruling made pursuant to section 115—10 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 115—10) and subsequently relied upon inadmissible testimony when it found defendant guilty of aggravated criminal sexual abuse. We disagree.

The State sought to introduce hearsay statements made by G.S. to her friends, mother and teacher concerning the incidents of sexual abuse. Defense counsel objected to the introduction of these out-of-court statements on the basis that the State failed to comply with the notice and hearing requirements set forth in section 115—10 of the Code of Criminal Procedure for the introduction of hearsay statements involving sexual acts committed upon a child under the age of 13 years old. (Ill. Rev. Stat. 1987, ch. 38, par. 115—10 (applying the statute as revised January 1, 1988).) The trial court sustained defense counsel's objection and ruled that G.S.'s statements would be stricken. The trial court, however, during its own questioning, subsequently elicited from G.S. the content of the statements she had made to her teacher concerning the incidents of sexual abuse.

■ It is well established that the trial court, as a trier of fact, is presumed to have considered only admissible evidence in reaching its determination. (*People v. Roy* (1990), 201 Ill. App. 3d 166, 183, 558 N.E.2d 1208, 1220.) We, therefore, conclude that responses to questions elicited by the trial court concerning statements made by G.S. to

her teacher were harmless beyond a reasonable doubt. See *People v. Hart* (1991), 214 Ill. App. 3d 512, 524-25, 573 N.E.2d 1288, 1296-97; *People v. Pinta* (1991), 210 Ill. App. 3d 1071, 1076, 569 N.E.2d 1255, 1259.

■ Defendant next contends that he was denied a fair trial because the trial court abandoned its impartial role and assumed the role of prosecutor. We disagree. Our review of the record reveals that the trial court did not abandon its impartial role by assuming the role of prosecutor, but rather that the questions elicited by the trial court were fair, reasonable and unbiased.

Defendant's reliance on *People v. McGrath* (1967), 80 Ill. App. 2d 229, 224 N.E.2d 660, is misplaced. While it is true that the reviewing court in *McGrath* found that the judge assumed the role of prosecutor and that defendant McGrath was prejudiced by the attitude and actions of the trial judge, a close reading of the case reveals McGrath's conviction was reversed on the basis that the trial court had convicted the defendant primarily upon inadmissible hearsay. (*McGrath*, 80 Ill. App. 2d at 233-36, 224 N.E.2d at 662-64.) Accordingly, we conclude that the trial court did not abuse its discretion when it elicited material evidence from the complaining witness.

■ Defendant's final argument is that the State failed to prove him guilty beyond a reasonable doubt. We disagree.

The reviewing court must determine, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Schott* (1991), 145 Ill. 2d 188, 202 (applying the same standard for reviewing the sufficiency of the evidence in sex-offense cases as in all other criminal cases).) On review, the trial court's judgment will not be set aside unless the proof is so unsatisfactory, improbable or implausible as to justify a reasonable doubt as to the defendant's guilt. (*People v. Slim* (1989), 127 Ill. 2d 302, 307, 537 N.E.2d 317, 319.) We conclude, after reviewing the record in its entirety, that a rational trier of fact could have found defendant guilty of aggravated criminal sexual abuse beyond a reasonable doubt. Ill. Rev. Stat. 1987, ch. 38, par. 12—16.

G.S. testified in explicit detail of the incidents of sexual abuse. While it is true, as defendant contends, that there were minor contradictions as to the actual time and dates of the incidents of sexual abuse, we find that G.S.'s testimony was clear, unwavering and consistent throughout. G.S. testified that she was cognizant of what a lie was, that she was told by the prosecutor "to tell the truth," and that she understood that somebody could be unnecessarily hurt if she did

not tell the truth. Additionally, G.S.'s mother testified that her daughter's behavior changed around the time of the occurrences, including G.S.'s insistence that she not remain alone in her bedroom or alone in the house with defendant. After viewing the record in its entirety, we conclude that the State proved defendant guilty beyond a reasonable doubt of aggravated criminal sexual abuse.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

CERDA, P.J., and GREIMAN, J., concur.